Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 02 2014, 8:13 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TEHLYNN TROTTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1308-CR-421 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David M. Hooper, Commissioner
Cause No. 49F08-1301-CM-2184

**April 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Tehlynn Trotter appeals her conviction for class A misdemeanor battery with bodily injury. Finding the evidence sufficient to support her conviction, we affirm.

**Facts and Procedural History**

From July 2012 to January 2013, Trotter rented a duplex from Jacqueline Massela. During her tenancy, Trotter was verbally abusive with the property manager/maintenance man, Kimble Phillips. Massela terminated Trotter's lease around January 8 or 9, 2013. On January 9, 2013, Phillips responded to a call from Trotter's next-door neighbor reporting a break-in. Police arrived, took statements, and left, and Phillips began cleaning up broken glass at the rear of the property. Shortly thereafter, Trotter and her son Scooter arrived and approached Phillips. Trotter accused Phillips of stealing her property, and Scooter moved close to Phillips. Trotter yelled, "hit him, hit him" and "[j]ust wail him." Tr. at 9, 14. Scooter struck Phillips, and Phillips fell down the back steps. When he got up, Scooter repeatedly struck him. Eventually, Phillips was able to hold Scooter at bay. Then Trotter joined the fracas, striking Phillips three times on the side of his head and causing him to suffer "three goose eggs." *Id*. at 10, 14-15. At that point, Phillips ran to his vehicle. Scooter pursued him and struck him in the back of the head, causing him to lose consciousness. As a result of the attack, Phillips suffered head pain that left him bedridden for three days. He also suffered ear pain and a stiff neck.

The State charged Trotter with class A misdemeanor battery, and the trial court convicted her as charged. She now appeals.

**Discussion and Decision**

Trotter challenges the sufficiency of the evidence to support her battery conviction. When reviewing a sufficiency claim, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the judgment and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* The evidence need not "overcome every reasonable hypothesis of innocence." *Id.* at 147.

Indiana Code Section 35-42-2-1(a)(1)(A) states, "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery …. a Class A misdemeanor if … it results in bodily injury to any other person." "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4. *See also Berry v. State*, 819 N.E.2d 443, 449-50 (Ind. Ct. App. 2004) ("The individual who aids another person in committing a crime is as guilty as the actual perpetrator."), *trans. denied* (2005).

Trotter claims that she neither struck Phillips nor induced Scooter to do so. Instead, she claims that she came in contact with Phillips only in an attempt to pull her son away and break up the altercation. The evidence most favorable to the judgment shows that Trotter initiated the verbal confrontation by yelling and accusing Phillips. She then encouraged Scooter to "hit him, hit him" and "[j]ust wail him." Tr. at 9, 14. Scooter obliged, and after Phillips held him at bay, Trotter repeatedly struck Phillips on the side of the head. These

3

repeated strikes to the head belie Trotter's claim that she merely attempted to break up the fight. To the extent that she now characterizes her conduct as legally justifiable because she was merely acting in defense of another, we note that she never raised this affirmative defense at trial and therefore has failed to preserve it for consideration on appeal. *See Shelton v. State*, 679 N.E.2d 499, 501 (Ind. Ct. App. 1997) (emphasizing that defendant bears the burden of placing her affirmative defense in issue at trial).

In sum, the evidence most favorable to the judgment shows that Trotter encouraged Scooter to batter Phillips and then directly battered Phillips by repeatedly striking him on the side of his head, causing bodily injury. Her arguments amount to invitations to reweigh evidence and judge witness credibility, which we may not do. Accordingly, we affirm.

Affirmed.

BAKER, J., and NAJAM, J., concur.